JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH YELLEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KELAILA RUTH LOEWEN, et al.,<br><br>    Defendants. | Case No. 2:22-cv-08844-FLA (RAOx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

### RULING

On September 29, 2021, Plaintiffs Joseph Yellen, Christy Yellen, and Luke Yellen ("Plaintiffs") initiated this action against Defendant Kelaila Ruth Loewen ("Defendant") and DOES 1 to 50 in the Los Angeles County Superior Court. Dkt. 1-1 ("Compl."). The Complaint asserts a state law cause of action relating to personal injuries arising from a motor vehicle accident. *Id.*

On December 6, 2022, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NoR"). In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id* at 2. Defendant relies on Plaintiffs' Statement of Damages served on November 7, 2022, seeking $775,744.27. *Id.* at 5.

On August 4, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 40. Only Defendant filed a response. Dkt. 41 ("Def. Resp."), 45 ("Def. Supp. Resp.").

Having reviewed the Notice of Removal and Defendant's response to this court's Order to Show Cause, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

Here, the amount of damages Plaintiffs seek cannot be determined from the Complaint, as it does not set forth a specific amount. *See generally* Compl. Defendant, however, contends Plaintiffs served a Statement of Damages indicating Plaintiffs are seeking $775,744.27 in general and special damages. NoR at 5; Def. Resp. at 2. A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, *2 (C.D. Cal. 2014) (internal quotation marks omitted).

It is clear the $775,744.27 in damages set forth in the Statement of Damages is simply a "bold optimistic prediction" and is not a reasonable estimate of Plaintiffs' claims. *See id.* ("The leap from $4,597.77 in medical expenses incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000—let alone $1,000,000—is likely."). Significantly, the Statement of Damages cites no facts to explain how Plaintiffs determined this amount. *See* NoR at 5; Def. Resp. at 2; *Romsa*, 2014 WL 4273265, at *2 (noting plaintiff's statement of damages did not explain how he arrived at his figures); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. 2022) (same); *see also Owens v. Westwood College Inc.*, 2013 WL 4083624, at *4 (C.D. Cal. 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they

3

"demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

Defendant further argues that, via discovery, Plaintiffs produced medical records "specify[ing] total [medical] billings of $109,406.63." Def. Supp. Resp. at 2. Defendant provides no evidence to substantiate this assertion, despite the court's notice of a "two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction." See Dkt. 40 at 3. Instead, Defendant asks the court to simply accept her statement regarding the medical records as true.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Defendant has met her burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, there is no basis for diversity jurisdiction. See 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 21STCV35797. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: October 3, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge